IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| 7-Eleven, Inc. | * | |
|     Plaintiff | * | |
| v. | * | |
| Rita Pistorio, et al. | * | Case No. 1:14-cv-03451-GLR |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' ANSWER TO THE ORIGINAL AND AMENDED COMPLAINTS FOR PRELIMINARY AND PERMANENT INJUNCTION AND DECLARATORY RELIEF AND COUNTERCLAIM AGAINST 7-ELEVEN, INC.**

The Defendants, Rita Pistorio and Happy George, Inc., t/a Pit Boys, by and through their attorneys, Barbara J. Palmer and Blumenthal, Delavan, Powers & Palmer, P.A., respond to the Complaint and Amended Complaint filed against them by the Plaintiff, 7-Eleven, Inc. and response thereto state:

1. The statements contained in Paragraph 1 are admitted.

2. The statements contained in paragraph 2 are admitted.

3. The statements contained in Paragraph 3 require correction. The proper zip code for the principal office of Defendant, Happy George, Inc. is 21401.

4. Defendants admit that there is diversity of jurisdiction, however, the Plaintiff, 7-Eleven, Inc. regularly does business in Maryland, so state court jurisdiction is also appropriate.

5. The statements contained in Paragraph 5 are denied. The Defendants assert that the actions sought to be enjoined will result in no economic harm to the Plaintiff.

6. The statements contained in Paragraph 6 are denied as the Defendants assert that the actions of the Defendants will cause the Plaintiff no economic harm.

7. The statements contained in Paragraph 7 are admitted.

8. The statements contained in Paragraph 8 are admitted.

9. The statements contained in Paragraph 9 are denied. The referenced language contained in the chain of title to the Pistorio property located at 1515 Forest Drive is unenforceable.

10. The statements contained in Paragraph 10 are denied. The Defendants demand strict proof of any relationship between Kwik-Chek Realty Company, Inc. and the Plaintiff at the time restrictive language was added to the deed in the Pistorio chain of title.

11. The statements contained in Paragraph 11 are denied.

12. The Defendants admit that the deed referenced in Paragraph 12 contains the stated language. The Defendants deny that the language is effective.

13. While the Defendants admit that the Plaintiff asserts that the purpose of the language in the Pistorio chain of title was for its benefit, as set forth in Paragraph 13; however the Defendants deny that such restrictive language is effective to that end, under the facts presented.

14. The Defendants admit that the referenced deed was recorded as set forth in Paragraph 14. The Defendants deny, however, that the language is enforceable.

15. The Defendants admit that the Defendant Pistorio took title from her parents, as set forth in Paragraph 15. The legal effect of the language of the deeds in the Pistorio chain of title is the subject of this action. The Defendants deny that they are restricted as asserted or implied by the Plaintiffs.

16. The Defendants admit that the deeds in the Pistorio chain of title are available in the Land Records of Anne Arundel County, and that there became a time when the Defendants were informed of the language, as set forth in Paragraph 16. The Defendants deny that the language is effective in restricting the use of the Defendant's property.

17. The statements contained in paragraph 17 are denied.

18. Defendants admit that there was communication between the parties concerning the use of the Pistorio property as stated in Paragraph 18. The Defendants deny the allegation of the Paragraph asserting that any revision is necessary in order to permit the Defendants' intended use. The Defendants assert that the restrictive language in the Pistorio chain of title is ineffective.

19. Defendants admit that there was communication between the parties concerning the use of the Pistorio property as stated in Paragraph 19. The Defendants deny the allegation of the Paragraph asserting that any revision is necessary in order to permit the Defendants' intended use. The Defendants assert that the restrictive language in the Pistorio chain of title is ineffective.

20. Paragraph 20 is admitted.

21. The statements contained in Paragraph 21 are generally admitted. This Federal Court action would not be necessary were the Plaintiff willing to concur that the language in the Pistorio chain of title is inapplicable. Nonetheless, the Defendants deny the assertion or implication in Paragraph 21 that the restrictive language is enforceable.

22. The Defendants admit that the Plaintiff has demanded that the Defendants terminate actions in furtherance of its plans as set forth in Paragraph 22.

23. The statements contained in Paragraph 23 are admitted.

24. The statements contained in Paragraph 24 are denied.

25. Paragraph 25 is a statement of incorporation requiring no specific admission or denial.  The Defendants incorporate their previous responses as appropriate.

26. The statements contained in Paragraph 26 are admitted.

27. The statements contained in Paragraph 27 are denied.

28. The statements contained in Paragraph 28 are denied.

29. The statements contained in Paragraph 29 are denied.

30. The Defendants admit that they have taken actions in furtherance of their plans to locate a Pit Boys restaurant, but deny that the property is subject to restrictions as implied in Paragraph 30.

31. The statements contained in Paragraph 31 are denied.

32. The statements contained in Paragraph 32 are admitted.

33. The statements contained in Paragraph 33 are admitted.

34. The statements contained in Paragraph 34 are admitted.

35. The Plaintiff's Amended Complaint contains no Paragraph 35.

36. Paragraph 36 is a statement of incorporation requiring no specific admission or denial.  The Defendants incorporate their previous responses as appropriate.

37. The statements contained in Paragraph 37 are denied.

38. The statements contained in Paragraph 38 are denied.

39. The statements contained in Paragraph 39 are denied.

40. The statements contained in Paragraph 40 are denied.

41. The statements contained in Paragraph 41 are denied.

In further response to the Complaint and Amended Complaint, the Defendants assert that they generally deny the allegations in the Complaint and the Amended Complaint.

**Affirmative Defenses**

In further response to the Complaint and Amended Complaint, the Defendants assert the following defenses:

    A.  Estoppel

    B.  Failure of consideration

    C.  Fraud

    D.  Illegality

    E.  Laches

    G.  Release

    H.  Statute of Frauds and

    I. Waiver

**Counter-Claim**

The Defendants, Rita Pistorio (Pistorio) and Happy George, Inc. t/a Pit Boys (Pit Boys) make the following Counter-Claim pursuant to Federal Rule 13 against the Plaintiff, 7-Eleven, Inc. and in support state:

42.  The Defendants, Pistorio and Pit Boys (hereinafter "Defendants") concur with the Plaintiff's designation of the Parties in this action, except as corrected in this Answer.

43.  The Defendants concur with the Plaintiffs assertion of venue and jurisdiction, except that the Defendants do not admit that the Plaintiff's claim exceeds $75,000.00.  This Counter-Claim, filed on behalf of both Defendants exceeds $75,000.00, exclusive of interest, fees and

costs because the harm caused the Defendants by the Plaintiffs actions has interfered with the Defendants rights to proceed with their business interests.

44. The Defendant Pistorio is the owner of real property located in Anne Arundel County, Maryland more fully described in a deed recorded among the Land Records of Anne Arundel County, Maryland on December 26, 2012, in Book 25527 page 64. (The "Subject Property")

45. The Defendant Pit Boys has leased the Subject Property from Defendant Pistorio for the purpose of operating a Pit Boys Restaurant, in conformance with all applicable laws.

46. The Plaintiff, 7-Eleven, Inc. has wrongfully and tortuously interfered with the rights of the Defendants, Pistorio and Pit Boys, from operating the Pit Boys at the Subject Property.

47. The Plaintiff, 7-Eleven, Inc., in this action, has asserted that certain language in the chain of title of the Subject Property serves to prohibit the Defendants from using the Subject Property as a location for the sale of food, food products, beer wine or other alcoholic beverages.

48. The referenced language appears in a deed recorded among the Land Records of Anne Arundel County, Maryland on February 3, 1986 in Book 4017 page 757 and is Exhibit 1 to Plaintiff's Complaint.  The deed is in the Pistorio chain of title and is for the purpose of the transfer of the Subject Property from Kwik Chek Realty Company, Inc. to Chase Bank of Maryland.  (The "Kwik Chek Deed")

49. The referenced language in the Kwik Chek Deed, that the Plaintiff asserts serves as an enforceable restrictive covenant against the Defendants' use of the Subject Property, is a nullity and is of no force or effect under Maryland law.

50. In order for the referenced language in the Kwik Chek Deed to have any force or effect, Kwik Chek, the grantor, needed to comply with the requirements of Maryland law concerning restrictive covenants on real property.  Kwik Chek owned no other property in

Maryland at the time it attempted to restrict the use of the Subject Property and the Plaintiff, its successors or assigns were never identified as a party intended to be benefitted by the language in the Kwik Chek Deed.

51. The Plaintiff has no basis in law to assert that it is the intended beneficiary of any language in the chain of title to the Subject Property and has no right to interfere with the Defendants rights to use the Subject Property for any business purpose.

52. Any communication that the Defendants had with the Plaintiff or any of its agents was solely for the purpose of avoiding potential litigation on this issue and in no manner served as an admission against interest.

<u>**Count 1**</u>
**DECLARATORY JUDGMENT**
**(Defendants v. 7-Eleven)**

53. The Defendants adopt and incorporate Paragraphs 42 through 52 as if fully set forth herein.

54. The Defendants seek a determination of their claim against the Plaintiff, 7-Eleven, Inc. pursuant to 28 U.S.C. §§ 2201, et seq. The Defendants are entitled to have this Court declare that the language that the Plaintiff asserts operates to restrict the use of the Subject Property is of no force of effect. The Defendants concur that an actual controversy exists between the parties.

55. The Plaintiff's actions in interfering with the Defendants' rights to use the Subject Property as a Pit Boys restaurant has caused, and continues to cause economic harm and loss to the Defendants.

56. Because the language in the Kwik Chek deed is unenforceable by the Plaintiff, or any others, and is of no force or effect, the actions by the Plaintiff, interfering with the Defendants' use of the Subject Property are wrongful and must be ceased.

57. A declaratory judgment by this Court will terminate the uncertainty and controversy concerning the rights of the parties.

WHERFORE, the Defendants, Rita Pistorio and Happy George, Inc. t/a Pit Boys respectfully request that the Court issue a Declaratory Judgment declaring 1.) that the language in the Kwik Chek Deed, which the Plaintiff asserts restricts the business of the Defendants is void and unenforceable and of no effect; 2.) that the Plaintiff has no right to interfere with the Defendants' business interests; and 3.) grant such other and further relief that the nature of this cause may require.

## Count 2
**PRELIMINARY AND PERMANENT INJUNCTION**
**(Defendants v. 7-Eleven)**

58. The Defendants adopt and incorporate Paragraphs 42 through 57 as if fully set forth herein.

59. The Defendants rights to freely use the Subject Property without restriction by the Plaintiff or any others are being infringed by the actions of the Plaintiff and the Plaintiff's pursuit of this action.

60. The Defendants' business purpose and rights to conduct business and receive income from that endeavor is inhibited by the improper actions of the Plaintiff; which actions should cease and desist.

61. Substantial injustice and irreparable injury will result if the Plaintiff is allowed to continue to interfere with the Defendants' business purposes and no harm will result to the Plaintiff if the Defendants are allowed to proceed with their business plans.

62. The Plaintiff's actions, in interfering with the Defendants' rights to use the Subject Property in accordance with their personal business interests do not serve the public interest.

WHERFORE, the Defendants, Rita Pistorio and Happy George, Inc. t/a Pit Boys respectfully request that the Court enjoin the Plaintiff from further action interfering with the Defendants' business purpose; 2.) award the Defendants its costs and expenses; and 3.) grant such other and further relief that the nature of this cause may require.

## Count 3
**TORTIOUS INTERFRENCE WITH PROSPECTIVE ADVANTAGE**
**(Defendants v. 7-Eleven)**

63. The Defendants adopt and incorporate Paragraphs 42 through 62 as if fully set forth herein.

64. The conduct of the Plaintiff, in interfering with the Defendants' rights to open and operate a Pit Boys restaurant at the Subject Property is calculated to cause financial harm to the Defendants.

65. The conduct of the Plaintiff, including the filing of this action, has inhibited the Defendants' rights to complete the permitting, construction and operation of a Pit Boys restaurant at the Subject Property.

66. But for the actions of the Plaintiff, the Defendants would now be open for business and earning money as a result of their operation of a restaurant at the Subject Property.

67. The actions of the Plaintiff in interfering with the Defendants' business plans are intentional and wrongful, with the purpose and intent of damaging the Defendants.

68. The Plaintiff's actions, in interfering with the Defendants' rights to use the Subject Property in accordance with their personal business interests has caused the Defendants to suffer economic harm, including lost profits and other consequential damages.

WHERFORE, the Defendants, Rita Pistorio and Happy George, Inc. t/a Pit Boys demand judgment in excess of Two Hundred Thousand Dollars ($200,000.00) in compensatory and punitive damages with interest and costs.

      */s/ Barbara J. Palmer*_____
Barbara J. Palmer, Bar No. 04441
Blumenthal, Delavan, Powers & Palmer, P.A.
170 Jennifer Road, Suite 240
Annapolis, Maryland 21401
410-573-2900
Fax: 410-573-2907
bpalmer@bdpplaw.com

Attorney for Defendants
Rita Pistorio and Happy George, Inc.

**Certificate of Service**

I HEREBY CERTIFY that on this 25th day of November, 2014, a copy of the foregoing Answer and Counter-Claim were emailed and mailed, first class, postage prepaid to:

      Gerard J. Gaeng
Stuart A, Cherry
Rosenberg, Martin Greenberg, LLP
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201

Attorneys for the Plaintiff

      */s/ Barbara J. Palmer*_____
Barbara J. Palmer, Bar No. 04441