UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                         101 West Lombard Street
**GEORGE L. RUSSELL, III**                                          Baltimore, Maryland 21201
United States District Judge                                        410-962-4055

**LETTER ORDER**

January 15, 2015

TO COUNSEL OF RECORD

Re:    7-Eleven, Inc. v. Rita Pistorio, et al.
       Civil Action No. GLR-14-3451

Dear Counsel:

Pending before the Court is Plaintiff/Counter Defendant 7-Eleven, Inc.'s ("Plaintiff") Motion to Strike Affirmative Defenses asserted by Defendant/Counter Plaintiff Rita Pistorio and Happy George, Inc.'s   t/a  Pit Boys (collectively "Defendants") (ECF No. 9). The Motion is ripe for disposition.  No hearing is necessary pursuant to Local Rule 105.6 (D.Md. 2014).  For the reasons outlined below, the Court will grant the Motion without prejudice.  The Defendants will be granted leave to file an amended answer to the Amended Complaint for the purpose of supplying sufficient factual support for its affirmative defenses in compliance with Federal Rules of Civil Procedure 8 and 9, within ten days of this Order.

Pursuant to Rule 12(f) "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  In addition, a court may strike a defense that is clearly insufficient as a matter of law.  Hanzlik v. Birach, No. 1:09cv221 (JCC), 2009 WL 2147845, at *2 (E.D.Va. July 14, 2009).  As agreed to by the parties, "[t]he district court enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order 'to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.'"  See Bradshaw v. Hilco Receivables, LLC, 725 F.Supp.2d 532, 535 (D.Md. 2010) (quoting Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 649 (D.Kan. 2009)) (internal quotations marks omitted).  The United States Court of Appeals for the Fourth Circuit has noted that Rule 12(f) motions, however, are generally viewed with disfavor.  Id.

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it."  The pleading requirements are intended to ensure that parties receive fair notice of the factual basis for the assertion contained in a claim or defense.  Bradshaw, 725 F.Supp.2d at 536.  As indicated in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face."  Under the plausibility standard, the complaint need not contain "detailed factual allegations;" however, it must

contain more than "labels and conclusions." <u>Id.</u> at 555.  In this jurisdiction, the plausibility standard has been applied to both affirmative defenses as well as claims in complaints.  <u>See</u> <u>Bradshaw</u>, 725 F.Supp.2d at 536.  This Court will apply such a standard in the present case.

Defendants assert affirmative defenses of (1) estoppel, (2) failure of consideration, (3) fraud, (4) illegality, (5) laches, (6) release, (7) statute of frauds, and (8) waiver.  (<u>See</u> ECF No. 6).  Defendants fail to meet the plausibility standard regarding any of these defenses by failing to allege any factual support for them and/or to provide notice to Plaintiff of the factual basis for the defenses.  In addition, the affirmative defense of fraud is deficient for failure to comply with Fed.R.Civ.P. 9(b) which requires a party to "state with particularity the circumstances constituting fraud . . . ."  In short, the conclusory affirmative defenses do not meet the standard of pleading as outlined in Rules 8 and 9(b).

In exercising the Court's discretion, the Court will allow Defendants leave to file an amended answer asserting appropriate affirmative defenses with sufficient particularity to comply with Rules 8 and 9.

Despite the informal nature of this Letter Order, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____
George L. Russell, III
United States District Judge